UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    Case # 22-CR-06203-FPG-MJP

                                                      DECISION AND ORDER

JIREH PARKER a/k/a Rock a/k/a A-1,

                            Defendant.

## INTRODUCTION

In an indictment filed on December 22, 2022 ("Indictment"), the Grand Jury charged Defendant Jireh Parker a/k/a Rock a/k/a A-1 ("Defendant") with two counts including: (1) Narcotics Conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), both in violation of 21 U.S.C. § 846 (Count 1) and (2) Possession of Firearms in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2) (Count 2). ECF No. 215.

On March 20, 2023, Defendant filed an omnibus discovery motion. ECF No. 222. The government submitted a response to Defendant's omnibus motion on April 12, 2023. ECF No. 227. On April 27, 2023, Magistrate Judge Pedersen heard oral argument on the omnibus motion and issued a decision on all issues except the following: (1) motion to suppress tangible evidence alleging that search warrants for a 2008 Ford Crown Victoria, a 1999 Mercury Grand Marquis, a 2015 Nissan Sentra, 18 Henion Street, Apartment #2, Rochester, N.Y., and 422 First Street, Rochester, N.Y. lacked probable cause; (2) motion to suppress evidence obtained and seized from the search of Defendant's cellular phone with phone number (404) XXX-7812; and (3) motion to suppress evidence under the Title III wiretap warrant.

On July 10, 2023, Magistrate Judge Pedersen issued a Report and Recommendation ("R & R"), recommending that the District Court deny Defendant's motion to suppress tangible evidence obtained in connection with the search warrants, including evidence obtained from Defendant's

cell phone and Defendant's motion to suppress evidence seized during the execution of the Title III wiretap warrant. On July 17, Defendant filed a request for an extension of time to file an objection, agreeing to an exclusion of time in the interest of justice. ECF No. 235. The government did not object to Defendant's request. *Id.* The Court, therefore ordered Defendant to file his objection no later than August 17, 2023 and for the government to respond to Defendant's objection no later than August 28, 2023. ECF No. 236. Defendant timely objected to the R & R on August 11, 2023, arguing that (1) the evidence obtained and seized from the search of his cell phone with phone number (404) XXX-7812 should be suppressed and (2) evidence obtained via the wiretap under Title III should be suppressed. ECF No. 237. The government did not respond to Defendant's objections by the deadline, and therefore, as of August 28, 2023, the Court considered Defendant's objections to Magistrate Judge Pedersen's R & R as ripe for review and decision.

For the reasons explained below, the Court denies each of Defendant's motions to suppress.

## LEGAL STANDARD

A district court reviews those portions of an R & R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R & R or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R & R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility

findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

**DISCUSSION**

**I.  Motion to Suppress Evidence Obtained from Defendant's Phone**

Defendant does not raise any objection to Magistrate Judge Pedersen's R & R respecting the denial of his motion to suppress all tangible evidence, excluding evidence from his cell phone, obtained in connection with the search warrants. The Court has reviewed the portion of Magistrate Judge Pedersen's R & R to which Defendant has not objected for clear error and agrees with his reasoning and adopts the recommendation in its entirety, excluding portions relating to evidence obtained from Defendant's cell phone.

Defendant objects to Magistrate Judge' Pedersen's recommendation to deny his motion to suppress evidence obtained from Defendant's cell phone. Accordingly, the Court reviews Defendant's motion to suppress evidence obtained from his cell phone *de novo*. First, Defendant argues that the search warrants do not establish probable cause to search and seize his cell phone. ECF No. 222 at 12. Second, Defendant argues that the search warrants were overbroad because they permitted a search of all the electronic data on the phone. *Id*. at 14. The Court will address each argument in turn.

**A.  Probable Cause**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To establish probable cause to search a residence, two factual showings are necessary—first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983).

"[P]robable cause to search a place exists if the issuing judge finds a 'fair probability that contraband or evidence of a crime will be found in a particular place' and a federal court must apply a 'totality-of-the-circumstances analysis' in pursuing this inquiry." *United States v. Ponce*, 947 F.2d 646, 650 (2d Cir. 1991), cert. denied, 503 U.S. 943 (1992) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When reviewing the validity of a search warrant, the duty of [the] court ... is "simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing] that probable cause existed.'" *Gates*, 462 U.S. at 238-39, (*quoting Jones v. United States*, 362 U.S. 257, 271 (1960)).

Here, Defendant alleges that probable cause was lacking in the search warrant application because "the only nexus identified between Mr. Parker's phone and his alleged criminality is that he used the phone for nine (9) calls as set forth in the Progress Reports." ECF No. 222 at 13. Defendant asserts that these phone calls were "innocuous at best." ECF No. 237 at 1. The Court disagrees.

In the search warrant application, Rochester Police Department Investigator Andrew Taylor attested that following an extensive investigation he expected to find Defendant's cell phone, which had been used in connection with a drug trafficking crime, in one of two dwellings or three vehicles associated with Defendant's alleged crimes and his whereabouts. To support his assertion, Investigator Taylor described several controlled buys executed by a confidential informant and noted that the confidential informant used Defendant's phone number to communicate with Defendant during the period of the investigation. Though not expressly stated in the warrant application, this information is sufficient to conclude that the phone would contain the names and contact information for coconspirators, which is important investigatory information.

Investigator Taylor also described a phone call where Parker called one of his associates to discuss drug trafficking activities. The statements made during the call show that the phone was not merely incidental to the alleged drug trafficking crimes, but a central tool used to monitor and enforce operations, demonstrating that there would be "a 'fair probability that contraband or evidence of a crime will be found in" Defendant's phone. *Ponce*, 947 F.2d at 650. Thus, considering the totality of the circumstances, the Court finds that the search warrant application prepared by Investigator Taylor, an experienced investigator, sufficiently established probable cause to search Defendant's residence for evidence of the robberies.

For the foregoing reasons, the Court holds that the totality of the circumstances provided a fair probability to Judge Argento that contraband or evidence of a crime would be found in Defendant's cell phone. That is, Judge Argento's determination that the search warrants were supported by probable cause was reasonable. Because the Court concludes that the search warrants were supported by probable cause, the Court does not address the government's "good faith exception" argument. This aspect of Defendant's motion is accordingly denied.

### B. Overbreadth

Defendant next argues that the evidence obtained from the search warrant should be suppressed because the warrant authorized an overbroad search. Defendant states that the warrant was overbroad because it "in no way limited the scope of the authorized search to locations of electronic data on the phone for which there would be probable cause to believe evidence of a crime maybe [sic] found." ECF No. 222 at 14. The Court, again, disagrees.

Defendant's argument pertains to the Fourth Amendment's prohibition of "'wide-ranging exploratory searches' unsupported by probable cause." *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010) (quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)). The Fourth Amendment

mandates "that a search warrant describe with particularity the place to be searched and the persons or things to be seized." *Id.* To be sufficiently particularized, a warrant must, (1) "identify the specific offense for which the police have established probable cause," (2) "describe the place to be searched," and (3) "specify the items to be seized by their relation to designated crimes." *United States v. Ulbricht*, 858 F.3d 71, 99 (2d Cir. 2017) (internal quotation marks omitted), overruled on other grounds by *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

Here, the warrant satisfies the basic elements of the particularity requirement; it incorporates the Affidavit by reference, lists the charged crimes, describes the place to be searched, including the cell phone, and specifies twelve categories of data to be collected as evidence, fruits and instrumentalities of the subject offenses. *See United States v. Akparanta*, No. 19 CR. 363, 2019 WL 5616875, at *6 (S.D.N.Y. Oct. 30, 2019) (observing that "the warrant plainly satisfies the basic elements of the particularity requirement" because the warrant "lists the charged crimes, describes the place to be searched, and designates the information to be seized in connection with the specified offenses."). Where warrants authorize the seizure of evidence pursuant to illustrative categories, "[c]ourts routinely validate [them] in the face of particularity challenges, reasoning that an illustrative list, coupled with a reference to the crimes for which evidence is sought, supplies sufficiently limiting guidance." *United States v. Mendlowitz*, No. 17 Cr. 248, 2019 WL 1017533, at *10 (S.D.N.Y. Mar. 2, 2019) (citing cases).

## II.    Motion to Suppress Evidence Seized During Execution of Title III Warrant

Defendant moves to suppress evidence seized during the execution of the Title III Warrant. Defendant argues that Judge Argento lacked jurisdictional authority to issue the warrant, that the warrant application lacked probable cause and that the investigators did not establish necessity for the warrant. Magistrate Judge Pedersen's R & R recommended dismissing Defendant's motion on

each ground. Defendant objects only to Magistrate Judge Pedersen's recommendation respecting the jurisdictional authority.

Defendant argues that the Title III wiretap warrant exceeded Judge Argento's territorial jurisdiction. Other than citing *United States v. Glover*, 736 F.3d 509, 514 (D.C. Cir. 2013), Defendant's argument is conclusory and he does not explain how *Glover* is relevant. Magistrate Judge Pedersen recommended that *Glover* was distinguishable from the case at hand and Defendant objected to Magistrate Judge Pedersen's recommendation, arguing that Glover was not distinguishable, again, without offering any argument of an alternative perspective. The Court agrees with Magistrate Judge Pedersen for the following reasons.

In *Glover*, the D.C. Circuit ruled that a judge sitting in D.C. had exceeded her territorial authority under 18 U.S.C. § 2518(3) because she authorized a warrant to place a listening device on a defendant's truck truck "parked in Maryland." Glover, 736 F.3d at 512. The relevant statutory language clearly prohibited the issuance of that warrant because it stated that a judge is permitted to "authoriz[e] or approv[e] interception of wire, oral, or electronic communications within the territorial jurisdiction of the court *in which the judge is sitting*." 18 U.S.C. § 2518(3) (emphasis added). Perhaps Defendant believes that since Judge Argento sits in Monroe County and Defendant may have been located outside of Monroe County, then Judge Argento could not issue a wiretap warrant for Defendant's cell phone. However, the statute proscribing the issuance of a warrant to intercept communication outside the judge's territorial jurisdiction goes further to state that a judge may authorize a wiretap "outside that jurisdiction but within the United States *in the case of a mobile interception device* authorized by a Federal court within such jurisdiction." *Id.* (emphasis added). This is a case involving a mobile interception device, therefore, the statutory language expressly authorized Judge Argento's wiretap. *Glover* did not involve a mobile wiretap, but instead

7

a physical device that had to be placed on that defendant's vehicle located in Maryland. Glover is completely distinguishable from the present case and Defendant's argument is, therefore, rejected.

The Court has reviewed Magistrate Judge Pedersen's R & R for clear error respecting Defendant's remaining arguments to suppress the wiretap warrant, specifically Defendant's arguments alleging a lack of probable cause and a lack of necessity. The Court adopts Magistrate Judge Pedersen's recommendations relating to each of those other arguments. Accordingly, Defendant's motion to suppress evidence seized during the execution of the wiretap warrant is denied.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to suppress evidence obtained from his cell phone and Defendant's motion to suppress evidence seized during the execution of the Title III wiretap warrant are DENIED.

IT IS SO ORDERED.

Dated:  September 21, 2023
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York